MELCONIAN *v.* AMERICAN EMPLOYERS' INSURANCE CO.

INSURANCE—CAB SUBSTITUTED FOR ANOTHER WITHOUT NOTICE NOT INSURED.

> Where insured carried liability insurance on three taxicabs, and had an oral understanding with insurer's agent that in case of breakdown of one of the cabs another might be substituted and insurance transferred to it, if immediate notice thereof was given, insurer was not liable for damages caused by a cab substituted for another without notice to insurer or its agent.

Error to Kent; Brown (William B.), J.    Submitted April 4, 1928.    (Docket No. 16, Calendar No. 33,365.)    Decided June 4, 1928.    Rehearing denied October 1, 1928.

Assumpsit by Harry Melconian against the American Employers' Insurance Company on a policy of insur-

ance.    Judgment for plaintiff.    Defendant brings error.    Reversed, and no new trial ordered.

*J. T. & T. F. McAllister,* for appellant.

*Clapperton & Owen,* for appellee.

CLARK, J.    On March 7, 1925, plaintiff was carrying on the business of operating taxicabs in Grand Rapids.    He owned five cabs, but used not more than three at a time.    He applied for insurance to H. W. Ten Broek & Sons, insurance agents.    A policy to cover all the cabs was discussed, but plaintiff could not afford that.    A policy to insure the three in actual use was suggested.    The agents were not able to furnish it, so they applied to defendant's resident agent.    Defendant issued a policy for one year, agreeing, among other things, with plaintiff to pay any loss by reason of liability imposed by law upon assured for damages on account of bodily injuries and death resulting therefrom, sustained by person or persons other than employees, etc.    The cabs covered by the policy were three, particularly described by name, style, model, factory and motor number.    Plaintiff paid the premium in full.

Prior to the insurance contract there was a verbal understanding between Ten Broek & Sons and plaintiff, and communicated to defendant's agent, that in case one of the three cabs broke down another might be substituted upon plaintiff's giving notice to Ten Broek & Sons, or to defendant's agent.    The notice was to be immediate and by telephone.    Mr. Ten Broek testified that for plaintiff it was asked:

"Suppose a car broke down at night, what would he do to notify us?"

and that he replied:

"I told him the only thing I could think of would be to put a card in the mail, so we would know that

the notice as issued, immediate notice, was sent out . during the night; that we would receive it in the morning."

On the morning of July 17, 1925, one of the cabs covered by the policy broke down. Plaintiff substituted another without giving notice thereof. Late in the afternoon of that day the substituted cab was in collision with a car owned and operated by one Werner, and in consequence three suits for damages were instituted against plaintiff which he caused to be compromised and settled in a total amount, including expense, of $1,750. Defendant, having no notice of the substitution of the cab until after the accident, and not having authorized substitution, denied liability, and this suit followed, which, tried before the court without a jury, resulted in findings and judgment for plaintiff. Defendant brings error.

We may pass the question of parol evidence to vary or contradict the written contract, and the question of whether Ten Broek & Sons were defendant's agents, having the opinion that, if the oral understanding be conceded, plaintiff cannot prevail. He did not comply with it. · He did not give notice until after the accident; he made substitution without notice.

Plaintiff's counsel contend that the purpose of requiring notice of substitution was merely for defendant's bookkeeping. This thought may have come from the cited case, which is not in point.. *Schuylkill Transportation Co.* v. *Accident Co.*, 285 Pa. 91 (131 Atl. 701). In that case the policy covered all the cabs and the purpose of reporting those out of use was for premium accounting. In the case at bar the premium was fully paid and neither increase nor decrease was contemplated. The purpose of Mr. Ten Broek's suggestion respecting substitution was not to vary the contract, but to point out how it might be changed, if change became desirable because of the

failure of any of the cabs covered by the policy. The purpose of the notice of substitution was that by rider one cab might be substituted for the other under the policy. The record shows no other purpose. Evidently it was the intention of the insurance agents to make the request for substitution effectual as of the time of the telephonic message, or if at night, the time of mailing written request. But plaintiff gave no notice of substitution and none was effected, so the policy did not cover the cab in the accident.

Judgment reversed, without new trial. Costs to defendant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.